UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT EDEN CAVAZOS, | Case No. EDCV 08-00626 AHM (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| MATTHEW MARTELS, Warden | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Robert Eden Cavazos ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises three claims directed at Petitioner's 2006 conviction and related prison sentence of ten years that he sustained following a *nolo contendere* plea in the Riverside County Superior Court (No. RIF106864). (Pet. 2, Exs. C, F.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

Page 1

## II. DISCUSSION

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1]

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take
(continued...)

show Petitioner sustained his underlying conviction and sentence on April 28, 2006. (Pet. 2, Ex. F.) The Petition, exhibits, and state court records also establish that Petitioner waived his right to appeal his judgment of conviction, and accordingly, he did not file a petition for review with the California Supreme Court. (Pet. 2-3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on June 27, 2006, the sixtieth day after his sentence was rendered and the date his time for filing a Notice of Appeal expired. *See* Cal. R. Ct. 8.308(a) ("a notice of appeal must be filed within sixty days after the rendition of the judgment or the making of the order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001)(where the petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final sixty days after she was sentenced). The limitation period then started to run the next day, June 28, 2006, and ended a year later on June 27, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively[2] file the pending Petition until April 30, 2008 -- 308 days after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

---

[1] (...continued)
judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on May 7, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on April 30, 2008, the date he signed it. (Pet. 8.)

Page 3

tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C.   Statutory Tolling**

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). In *Nino v. Galaza*, 183 F. 3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." However, a state petition is only "pending" if filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On November 28, 2006 -- 154 days after the one-year limitation period started to run on June 28, 2006 -- Petitioner filed his first state habeas petition with the Riverside County Superior Court (No. RIC 462396) and, on December 26, 2006, the petition was denied, leaving 211 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 154-day period, because there was no case "pending" during this interval. *See Nino*, 183 F.3d at 1006 (stating that AEDPA's limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval).

Petitioner is entitled to statutory tolling from November 28, 2006, to March 15, 2007, the period during which his first and second state habeas petitions were pending

and later denied in the state courts[3] because the delay was not unreasonable and he was proceeding to the next higher level of review. *Nino*, 183 F.3d at 1006; *Carey*, 536 U.S. at 221; *Evans*, 546 U.S. at 192. Given 107 days of statutory tolling, the limitation period was extended from June 27, 2007, to October 12, 2007.

Petitioner then waited until October 22, 2007– another 221 days after the second state habeas petition with the court of appeal was denied on March 15, 2007, to constructively file his third state habeas petition with the California Supreme Court (No. S157888). Based upon *Evans*, the Court finds this unexplained, unjustified 221-day delay unreasonable under California law.

In *Evans*, the United States Supreme Court recently held that, in the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Evans*, 546 U.S. 198-99. In *Evans*, the Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme

---

[3] On November 28, 2006, Petitioner filed his first state habeas petition in the Riverside Superior Court (No. RIC 462396) that was summarily denied on December 26, 2006. (Pet. 4, Ex. A.) On January 5, 2007, ten days after his superior court habeas petition was denied, Petitioner filed a second habeas petition in the court of appeal (No. E042114) that was summarily denied on March 15, 2007. (*Id.*)

| | |
|---|---|
| 1 | Court (citation omitted). We have found no authority |
| 2 | suggesting, nor found any convincing reason to believe, that |
| 3 | California would consider an unjustified or unexplained |
| 4 | 6-month filing delay 'reasonable.' Nor do we see how an |
| 5 | unexplained delay of this magnitude could fall within the |
| 6 | scope of the federal statutory word 'pending' as interpreted |
| 7 | in *Saffold*." |

*Id*. Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of the Supreme Court's reasoning in *Evans*, and based on Petitioner's failure to set forth in his Petition and exhibits any facts or explanation for the significant delay, this Court finds that Petitioner is not entitled to statutory tolling for the unexplained and unjustified 221 day (over seven months) delay between the denial of his second state habeas petition and the constructive filing of his third habeas petition. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the

1  California Supreme Court." *Evans*, 546 U.S. at 199-200 (finding no bright line rule,
2  but determining six month delay not reasonable); *Forrister v. Woodford*, No. 1:05-CV-
3  00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (eighty-
4  eight day delay unreasonable); *Ray v. Marshall*, No. CV F 06-1898 DLB HC, 2007
5  WL 3096157, at *3-4 (E.D. Cal. Oct. 22, 2007) (139 day delay unreasonable); *Jackson
6  v. Ollison*, No. 06-CV-1123-IEG(AJB), 2007 WL 433188, at *5 (S.D. Cal. Jan. 23,
7  2007) (eight month delay unreasonable).

8        Thus, Petitioner is also not entitled to any statutory tolling for his remaining
9  habeas petition in the California Supreme Court because the petition was
10 constructively filed after the extended statute of limitation period expired, and has no
11 tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
12 ("[S]ection 2254 does not permit the reinitiation of the limitations period that has
13 ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.
14 2001) (stating that filing of state petition after AEDPA's one-year time period has
15 elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir.
16 2000) ("A state-court petition [] that is filed following the expiration of the limitations
17 period cannot toll that period because there is no period remaining to be tolled").
18 Accordingly, this Court concludes that this Petition, constructively filed on April 30,
19 2008, is untimely by 201 days.[4/]

20 **D.    Alternative Start of the Statute of Limitations**

21     **1.    State-Created Impediment**

22       In rare instances, AEDPA provides that its one-year limitation period shall run
23 from "the date on which the impediment to filing an application created by State action
24 in violation of the Constitution or laws of the United States is removed, if the

---

[4/]  Specifically, the 201 days represents the untolled time between the extended limitation deadline (October 12, 2007) and the Petition's constructive filing date (April 30, 2008).

Page 7

applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

Petitioner's sentencing error claims in Grounds One and Two of the pending Petition are premised on the recent United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007) ("*Cunningham*"). (Pet. 5.) Specifically, Petitioner argues the trial court's imposition of an upper term sentence based on facts that were neither found by the jury nor admitted by Petitioner violated his federal constitutional rights to a jury trial and proof beyond a reasonable doubt, citing to, among others, *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker,* 543 U.S. 220 (2005).

Petitioner's reliance on *Cunningham* is misplaced for several reasons. First, *Cunningham* does not expressly state that its holding is retroactive, and Petitioner has failed to show that *Cunningham* can be applied retroactively on collateral review in spite of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).

Second, *Cunningham* merely applied existing federal law in a manner that effectuated a change in California's determinate sentencing law ("DSL"). Specifically, in *Cunningham*, Justice Ginsberg's majority decision makes it eminently clear that the Supreme Court merely applied its holdings in *Apprendi*, *Blakely*, and

Page 8

*Booker* to California's DSL:

> Contrary to the [*People v. Black,* 35 Cal. 4th 1238 (2005)] court's holding, our decisions from *Apprendi* to *Booker* point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum. Because the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, **the system cannot withstand measurement against our Sixth Amendment precedent**.

*Cunningham*, 127 S. Ct. at 871 (emphasis added). Further, *Apprendi*, *Blakely*, and *Booker* are not retroactive to convictions or sentences that became final before these decisions were issued. *See Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002) (holding the Supreme Court has not made *Apprendi* retroactive on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005) (holding *Blakely* does not apply retroactively to a conviction that was final before *Blakely* was decided); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the Supreme Court has not made *Blakely* retroactive to cases on collateral review."); *Carrington v. U.S.*, 503 F.3d 888, 893 (9th Cir. 2007) ("'*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction became final as of the date of *Booker's* publication.'").

As noted above, Petitioner's conviction and sentence became final for purposes of direct review on June 27, 2006. Consequently, Petitioner's judgment became final after *Apprendi*, *Blakely*, and *Booker* were decided on June 26, 2000, June 24, 2004, and January 12, 2005, respectively. Further, to the extent Petitioner's sentencing error claims are based upon *Apprendi*, *Blakely*, and *Booker* as a newly recognized Constitutional right, the claims are time-barred because, regardless of whether the claims are based upon *Apprendi*, *Blakely*, and *Booker*, the claims were raised in a Petition that was filed at least six years after the expiration of the limitation period.

1 | 28 U.S.C. § 2244(d)(1)(C) (the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.)

Therefore, the face of the Petition and attached exhibits do not set forth any other facts that show Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

## E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

**O R D E R**

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **June 4, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: May 14, 2008       /s/   ARTHUR NAKAZATO
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE

Page 11